ANGELICA T. POWELL, BY HER NEXT FRIEND, PEABODY A. MORSE, RESPONDENT, *v.* CHARLES L. ROSS, APPELLANT.

PARTIES, ATTORNEY IN FACT.—An attorney in fact does not hold the character of trustee, and is not a necessary party to a suit to represent the interest of the principal.

IDEM—IN FORECLOSURE SUITS.—A defendant in a foreclosure suit cannot object that his wife, who joined in the execution of the mortgage, is not made a co-defendant.

IDEM—OBJECTION TO NON-JOINDER.—A defendant cannot object to non-joinder of another person as co-plaintiff, after forcing the plaintiff to amend by omitting him.

PLEADING- OBJECTIONS TO BE TAKEN BY DEMURRER.—An objection that securities sued on are not promissory notes, must be taken advantage of on demurrer, and a demurrer having been filed, without pointing out this defect, it must be considered waived.

APPEAL from the Fourth Judicial District.

This was an action brought to foreclose a mortgage on a lot in San Francisco, at the southwest corner of Powell and Broadway streets, executed December 25th, 1849, by

defendant, Ross and his wife, to Alfred Robinson, attorney in fact of the plaintiff, Angelica T. Powell, to secure the payment of $16,000. The mortgage provided that, on the payment of that sum, the mortgage, and eight promissory notes of said Ross, bearing the same date, and amounting in the aggregate to $16,000, payable in gold dust, at $16 per ounce, troy, should be void. Subsequently to the execution of the mortgage, the plaintiff was married to one Rice.

Judgment was rendered for plaintiff.

Defendant appealed.

The questions raised on appeal are stated in the opinion.

*Wells, Haight & Gary,* for Appellant.

*Thomas & Morse,* for Respondent.

\* Mr. Justice HEYDENFELDT delivered the opinion [198] of the Court. Mr. Ch. J. MURRAY concurred.

1. One who is described in an instrument, whether parol or special, as the attorney in fact of another, does not hold the character of trustee, and is not a necessary party to represent the interest of the principal. Our statute requires every action to be prosecuted in the name of the real party in interest.

2. It was unnecessary to make Mrs. Ross a party defendant. Her joining in the mortgage was unnecessary to make it valid, unless it was her separate estate. This is not set up in the defense, which should have been done, to make the point relied on available. If it is her separate property, her rights remain unaffected by the decree of foreclosure.

3. The husband of the plaintiff was joined with her at the commencement of the suit, and upon the objection of the defendant that he was not a proper party, the plaintiff was nonsuited and forced to amend by omitting him. The defendant, therefore, cannot be listened to now, when he assigns as error the non-joinder of Rice as co-plaintiff.

4. The objection that the securities are not promissory notes, and therefore do not import consideration, if of any force, comes too late. It should have been taken advantage of on demurrer; and a demurrer having been filed without pointing out this defect, it must be considered as waived. Further than this, the answer fully admits the consideration for which the instruments were executed; and where, upon any objection we can plainly discover from the record, that no injustice has been done, we will not reverse the judgment.

Judgment affirmed.