[No. B002633. Second Dist., Div. Six. July 5, 1984.]

ARNOLDS MANAGEMENT CORPORATION et al.,
Plaintiffs and Appellants, v.
ROBERT N. EISCHEN et al., Defendants and Respondents.

576

**COUNSEL**

Charles L. Firestein for Plaintiffs and Appellants.

Michael S. London, Henderson, Rogers, Sheffield & Henderson, George A. Rempe III and Hollister & Brace for Defendants and Respondents.

OPINION

GILBERT, J.— Here we hold that before a junior lienor may set aside a nonjudicial foreclosure of real property under a deed of trust because of irregularities in the sale, the junior lienor must first tender the full amount owing on the senior obligation.

Plaintiffs appeal from the judgment of dismissal entered after a demurrer to their first amended complaint was sustained without leave to amend. (Code Civ. Proc., § 581, subd. 3.) We affirm the judgment of the trial court.

FACTS

The allegations of plaintiffs' complaint, provisionally admitted by the demurrer (*McHugh* v. *Howard* (1958) 165 Cal.App.2d 169, 174 [331 P.2d 674]), are summarized as follows: On March 21, 1978, Edwin and Louise Hicks executed a promissory note secured by a first deed of trust on 60 Butterfly Lane, Santa Barbara, in favor of defendant Safeco Title Insurance Company (Safeco), trustee, and defendants Robert and Elynore Eischen, beneficiaries. Approximately two years later, the Hicks executed a second deed of trust on the property in favor of Reliable Reconveyance Corporation, trustee, and all plaintiffs except Arnolds Management Corporation (AMC), beneficiaries.

AMC holds a special power of attorney as to the interest of the other plaintiffs in this action but the complaint does not allege that AMC itself has an interest in the property.

In January 1982 the Hicks were in default under the first deed of trust and the Eischens instructed Safeco to schedule a nonjudicial foreclosure sale. The sale was set for April 26, 1982, but Safeco failed to give plaintiffs the statutory notice of sale pursuant to Civil Code section 2924b. The April 26, 1982, sale was then postponed. Thereafter, Safeco represented to an officer of AMC that the foreclosure sale was set for July 28, 1982, when in fact it was set for May 27, 1982. This postponement was not noticed properly either. (Civ. Code, § 2924g.)

Safeco conducted the foreclosure sale on May 27, 1982. The Eischens were the highest bidders, having credit bid the amount owed them under the first deed of trust. Plaintiffs did not attend or participate because they were unaware of the true sale date.

Plaintiffs filed this action to set aside the foreclosure sale and for damages for wrongful foreclosure based upon the alleged defect in notice. They also

demanded damages for fraud and negligence premised upon Safeco's representations that the sale was set for July 28, 1982, instead of May 27, 1982.

Defendants demurred contending (1) an allegation that plaintiffs were prepared to tender payment of the senior obligation is necessary to their action and (2) AMC lacks standing to sue as it is not a real party in interest (Code Civ. Proc., § 367.) The demurrer was sustained with leave to amend. Plaintiffs then amended their complaint alleging that in October 1981,[1] plaintiffs offered "to reinstate the indebtedness secured by the First Deed of Trust on terms more favorable to the Eischens." Defendants again demurred contending plaintiffs' tender was not one of full performance and therefore not effective. This demurrer was sustained without leave to amend.

## DISCUSSION

Paragraph 10 of plaintiffs' first amended complaint, first cause of action alleges: "In or about January, 1982, Eischen caused Safeco to schedule a nonjudicial foreclosure sale under the First Deed of Trust for April 26, 1982, claiming a default under the First Deed of Trust. However, defendants failed to give plaintiffs statutory notice thereof pursuant to section 2924(b)[2] of the California Civil Code."

The alleged failure to give notice pursuant to section 2924b could be construed as a failure to give notice of default. The clause in the first sentence of paragraph 10 that reads ". . . claiming a default under the First Deed of Trust," appears to modify the preceding clause by explaining why Safeco scheduled a nonjudicial foreclosure sale. Nowhere in plaintiffs' complaint do they allege a failure to give proper notice of default. This point was not argued in plaintiffs' brief nor was it raised at oral argument. We therefore treat this appeal as turning on the issues set forth in plaintiffs' opening brief.

It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security. (*Karlsen* v. *American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 117 [92 Cal.Rptr. 851] [trustor]; *Crummer* v. *Whitehead* (1964) 230 Cal.App.2d 264, 268 [40 Cal.Rptr. 826] [trustor]; *Williams* v. *Koeniq* (1934) 219 Cal. 656, 660 [28 P.2d 351] [grantee of trustor].) ■ This rule is premised upon the equitable maxim that a court of equity will not order that a useless act be

---

[1]We assume plaintiffs mean October 1982.

[2]We assume plaintiffs mean California Civil Code section 2924b.

performed. "Equity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention." (*Leonard* v. *Bank of America etc. Assn.* (1936) 16 Cal.App.2d 341, 344 [60 P.2d 325].)

 In the context of a defaulting trustor's attack upon an irregular sale, *Karlsen, supra,* 15 Cal.App.3d 112, 121, holds that once the trustor fails to effectively exercise his right to redeem, the sale becomes valid and proper. A cause of action "implicitly integrated" with the irregular sale fails unless the trustor can allege and establish a valid tender. (*Karlsen, supra,* at p. 121.)

Plaintiffs contend that the rule requiring a tender of the full obligation prior to suit is applicable only to trustor litigants and not to junior lienors who are not personally responsible for the senior obligation. They argue it would be inequitable to require them to pay the senior obligation and cite *Humboldt Savings Bank* v. *McCleverty* (1911) 161 Cal. 285, 291 [119 P. 82]. *Humboldt Savings Bank* v. *McCleverty, supra,* however, concerned the foreclosure of two parcels of property and a widow's homestead interest in one parcel. The court held it inequitable to permit the sale of both parcels when the sale of one would nearly satisfy the debt. (*Humboldt Savings Bank* v. *McCleverty, supra,* at p. 291.) The case did not concern the extinguishment of a junior lienor's interest by the senior lienor's foreclosure.

Moreover, the statutory scheme concerning nonjudicial foreclosures contemplates that in order to protect his interest, the junior lienor shall pay the trustor's obligation to the senior lienor. Thus, Civil Code section 2904 permits a junior lienor to redeem a property from the senior lienor and to be subrogated to all benefits of the superior lien.[3] Civil Code section 2876 permits a junior lienor to add the amount of the senior lien he has satisfied to the amount owed him.[4] Civil Code section 2924c, subdivision (a)(1) permits a junior lienor to cure a trustor's default within three months of the

---

[3]Civil Code section 2904 states: "One who has a lien inferior to another, upon the same property, has a right: 1. To redeem the property in the same manner as its owner might, from the superior lien; and, 2. To be subrogated to all the benefits of the superior lien, when necessary for the protection of his interests, upon satisfying the claim secured thereby."

[4]Civil Code section 2876 states: "Where the holder of a special lien is compelled to satisfy a prior lien for his own protection, he may enforce payment of the amount so paid by him, as a part of the claim for which his own lien exists."

recording of notice of default.[5] We conclude, based upon this statutory scheme and the equitable maxim set forth in *Karlsen* v. *American Sav. & Loan Assn.*, *supra*, 15 Cal.App.3d p. 118, that a junior lienor must allege tender of the senior obligation as an essential element of any causes of action based upon irregularities in the sale procedure. To hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage to themselves.

In addition, plaintiffs' action must fail because their tender of payment was not an unconditional offer to pay all of the sums necessary to cure the default. "A tender is an offer of performance made with the intent to extinguish the obligation. (Civ. Code, § 1485.)" (*Still* v. *Plaza Marina Commercial Corp.* (1971) 21 Cal.App.3d 378, 385 [98 Cal.Rptr. 414].) ▮ A tender must be one of full performance (Civ. Code, § 1486) and must be unconditional to be valid. (Civ. Code, § 1494; *Still* v. *Plaza Marina Commercial Corp.*, *supra*, 21 Cal.App.3d at p. 385.) ▮ The giving of a note by a debtor for the amount of the debt does not constitute payment unless the parties agree. (*United Stated Credit Bureau* v. *Manning* (1957) 147 Cal.App.2d 558, 564 [305 P.2d 970].) ▮ Plaintiffs' offer of "terms more favorable to the Eischens" did not meet the amount due under the senior obligation.

▮ Finally, we note that AMC is not a real party in interest in this action because it has not alleged it has an interest in the property or was a prospective bidder at the trustee's sale, prepared to pay the senior obligation. (*Block* v. *Tobin* (1975) 45 Cal.App.3d 214, 220 [119 Cal.Rptr. 288].) It attempts to prosecute this action derivatively without alleging damages to itself.

Code of Civil Procedure section 367 requires that "[e]very action must be prosecuted in the name of the real party in interest, except as provided in sections 369 [executor, administrator, trustee of express trust or person expressly authorized by statute to sue] and 374 [property owners' associa-

---

[5]Civil Code section 2924c, subdivision (a)(1) states in part: "Whenever all or a portion of the principal sum of any obligation secured by deed of trust or mortgage on real property hereafter executed has, prior to the maturity date fixed in such obligation, become due or been declared due to by reason of default in payment of interest or of any installment of principal, or by reason of failure of trustor or mortgagor to pay, in accordance with the terms of such obligation or of such deed of trust or mortgage, taxes, assessments, premiums for insurance or advances made by beneficiary or mortgagee in accordance with the terms of such obligation or of such deed of trust or mortgage . . . any beneficiary under a subordinate deed of trust . . . , at any time within three months of the recording of the notice of default under such deed of trust or mortgage, if the power of sale therein is to be exercised, or, otherwise at any time prior to entry of the decree of foreclosure, may pay to the beneficiary or the mortgagee or their successors in interest, respectively, the entire amount then due under the terms of such deed of trust or mortgage . . . ."

tion]. The code commissioners' notes to section 369 state: "[An] attorney in fact is not a trustee. One who is described in an instrument, whether parol or special, as the attorney in fact of another, does not hold the character of trustee, and is not a necessary party to represent the interest of the principal. Our statute requires every action to be prosecuted in the name of the real party in interest." (*Powell* v. *Ross* (1854) 4 Cal. 197.) ■ Generally, the person or entity possessing the right sued upon is the real party in interest. (*Del Mar Beach Club Owners Assn.* v. *Imperial Contracting Co.* (1981) 123 Cal.App.3d 898, 906 [176 Cal.Rptr. 886, 25 A.L.R.4th 336].) ■ AMC has not alleged any facts which would allow it to maintain this action.

Respondents' request for damages against plaintiffs for pursuing a meritless appeal is denied under the guidelines of *In Re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].

Accordingly, the judgment of the trial court is affirmed.

Stone, P. J., and Abbe, J., concurred.