**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BRUCE HADLEY; STEPHANIE Y. HADLEY, | No. 08-56521 |
| Plaintiffs - Appellants, | D.C. No. 2:08-cv-02674-R-CT |
| v. | MEMORANDUM[*] |
| BNC MORTGAGE, INC., | |
| Defendant, | |
| and | |
| LEHMAN BROTHERS ASSET SECURITIES CORPORATION; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bruce and Stephanie Y. Hadley appeal pro se from the district court's judgment dismissing their action arising out of foreclosure proceedings.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *King v. California*, 784 F.2d 910, 912 (9th Cir. 1986). We may affirm on any ground supported by the record. *Charley's Taxi Radio Dispatch Corp. v. SIDA of Haw., Inc.*, 810 F.2d 869, 874 (9th Cir. 1987). We affirm.

The Hadleys' claim for rescission under the Truth in Lending Act ("TILA") was properly dismissed because the loan at issue was a "residential mortgage transaction" and therefore could not be rescinded under TILA. 15 U.S.C. § 1635(e)(1) (the right of rescission does not apply to a "residential mortgage transaction"); *see also id.* § 1602(w) (defining a "residential mortgage transaction").

The district court properly dismissed the Hadleys' claim to set aside the trustee's sale because the Hadleys failed to allege tender or facts showing that they were prejudiced by the alleged procedural defects. *See Arnolds Mgmt. Corp. v. Eischen*, 205 Cal. Rptr. 15, 17 (Ct. App. 1984) ("[A]n action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an

[1] This court has stayed the appeal as to BNC Mortgage, Inc., pursuant to 11 U.S.C. § 362, and remains open as to it.

offer to pay the full amount of the debt for which the property was security."); *see also Knapp v. Doherty*, 20 Cal. Rptr. 3d 1, 8 n.4 (Ct. App. 2004) (to attack a nonjudicial foreclosure sale, a plaintiff must plead and prove "an improper procedure and the resulting prejudice" (citation and internal quotation marks omitted)).

The district court properly dismissed the Hadleys' fraud claim because the Hadleys failed to allege fraud with the specificity required by Fed. R. Civ. P. 9(b). *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 1986) (describing the specificity required of fraud claims).

The district court did not abuse its discretion by dismissing without leave to amend where amendment would be futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

The Hadleys' remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**