FILED

NOT FOR PUBLICATION

JUL 02 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADEGBENGA ADESOKAN, | No. 12-15560 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-01236-LJO |
| v. | |
| U.S. BANK, N.A.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Adegbenga Adesokan appeals pro se from the district court's judgment dismissing his diversity action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(order).  We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly dismissed Adesokan's wrongful foreclosure, quiet title, cancellation of instruments, and fraud claims because Adesokan failed to allege facts showing tender in the amount of his indebtedness or that the foreclosure sale was void.  *See Arnolds Mgmt. Corp. v. Eischen*, 205 Cal. Rptr. 15, 17-18 (Ct. App. 1984) (affirming dismissal of fraud claim because failure to tender bars any claims "implicitly integrated" with foreclosure); *Karlsen v. Am. Sav. & Loan Ass'n*, 92 Cal. Rptr. 851, 854 (Ct. App. 1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."); *see also* Cal. Civ. Code § 2934a(d) (recorded substitution of trustee constitutes conclusive evidence of the authority of the substituted trustee); *West v. JPMorgan Chase Bank, N.A.*, 154 Cal. Rptr. 3d 285, 301-02 (Ct. App. 2013) (rejecting claim that trustee's sale was void because substituted trustee had authority to act as trustee under section 2934a(d)).

Dismissal of Adesokan's claim alleging violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, was proper because Adesokan lacked standing to maintain a UCL claim based on the alleged fraud. *See Jenkins v. JP Morgan Chase Bank, N.A.*, 156 Cal. Rptr. 3d 912, 933-34 (Ct.

App. 2013) (affirming dismissal of UCL challenge to foreclosure where plaintiff's default caused the foreclosure).

We reject Adesokan's contention that the involvement of a magistrate judge violated his due process rights because the magistrate judge did not enter dispositive orders, and the district judge properly conducted a de novo review of the magistrate judge's findings and recommendations and Adesokan's objections, and entered final judgment. *See* 28 U.S.C. §§ 636(b)(1)(B)-(C); *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (discussing scope of magistrate judge's authority under § 636(b)(1)(B)).

**AFFIRMED.**