Filed 11/25/14  Bowen v. Bank of New York Mellon CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS BOWEN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON et al.,<br><br>    Defendants and Respondents. | D064927<br><br><br><br>(Super. Ct. No. ECU07652) |

APPEAL from a judgment of the Superior Court of Imperial County, Jeffrey B. Jones, Judge.  Affirmed.

Law Offices of Francisco Javier Aldana and Francisco Javier Aldana for Plaintiff and Appellant.

Bryan Cave LLP, Stuart W. Price, Angela Buenaventura and Sarah Samuelson for Defendants and Respondents.

This action arises out a real estate loan made to Richard Louis Bowen on a property he owned in Calexico, California.  Bowen defaulted on the loan and the property

was sold in foreclosure. Bowen thereafter brought suit seeking to rescind the sale, asserting 16 causes of action against six defendants: The Bank of New York Mellon; ReconTrust Company; Bank of America; BAC Home Loan Servicing; Countrywide Home Loans, Inc; and California Empire Financial Group, Inc. In response, defendants filed a motion for judgment on the pleadings. In his opposition Bowen only addressed his first and third causes of action, which alleged a purported wrongful foreclosure. The court granted the motion and dismissed the complaint.

On appeal, Bowen asserts (1) the trial court abused its discretion in granting the motion for judgment on the pleadings, and (2) he could amend his complaint to cure any defects. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The facts that surround the loan, default, and foreclosure are largely undisputed.

A. *The Loan*

In February 2006 Bowen obtained a loan in the amount of $312,000 to refinance his property at 1280 Emerald Way in Calexico, California, from California Empire Financial Group, Inc., secured by a deed of trust. The deed of trust identified Landamerica Commonwealth Title as trustee and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary.

B. *Default and Foreclosure*

Bowen thereafter defaulted on the loan. After Bowen's default, MERS substituted ReconTrust Company (ReconTrust) as trustee under the deed of trust and assigned its interest in the deed of trust to defendant The Bank of New York Mellon (BNY).

2

In September 2009 ReconTrust recorded a notice of default. In March 2010 ReconTrust recorded a notice of trustee's sale.

In May 2010 ReconTrust recorded BNY's trustee's deed upon sale. BNY purchased the property for $154,755.

C. *The Instant Action*

On May 16, 2013, over three years later, Bowen brought suit against BNY, ReconTrust, Bank of America, BAC Home Loan Servicing; Countrywide Home Loans, Inc; and California Empire Financial Group (collectively, defendants). At the time, Bowen was in chapter 13 bankruptcy.

The complaint asserted causes of action for (1) wrongful foreclosure; (2) cancellation of written instrument; (3) violation of Civil Code[1] sections 2934a and 2924f; (4) fraud; (5) fraudulent concealment; (6) negligence; (7) violation of the Real Estate Settlement Practices Act, 12 United States Code section 1692; (8) violation of the Truth in Lending Act, 15 United States Code section 1641, subdivision (g); (9) violation of Financial Code section 50505; (10) violation of the Fair Debt Collection Practices Act, Civil Code section 1788 and 15 United States Code section 1692; (11) violation of Business & Professions Code section 1720 et seq.; (12) breach of contract/breach of the

---

[1] All further undesignated statutory references are to the Civil Code.

3

covenant of good faith and fair dealing; (13) promissory estoppel; (14) accounting; (15)

equitable and implied indemnity; and declaratory relief.[2]

D. *Motion for Judgment on the Pleadings*

In response, defendants filed a motion for judgment on the pleadings. Among

other things, the motion asserted Bowen's complaint for wrongful foreclosure was barred

by his failure to tender the amount owing to defendants. In response, Bowen only

addressed his first and third causes of action for wrongful foreclosure.

At the hearing on the motion, no appearance was made on behalf of Bowen and

the court granted the motion.

DISCUSSION

I. *STANDARD OF REVIEW*

"Review of a judgment on the pleadings requires the appellate court to determine,

de novo and as a matter of law, whether the complaint states a cause of action. [Citation.]

For purposes of this review, we accept as true all material facts alleged in the complaint.

[Citation.] Denial of leave to amend after granting a motion for judgment on the

pleadings is reviewed for abuse of discretion." (*Ott v. Alfa-Laval Agri, Inc.* (1995) 31

Cal.App.4th 1439, 1448.)

"Furthermore, '[a] motion for judgment on the pleadings is analogous to a general

demurrer. [Citation.] The task of this court is to determine whether the complaint states

a cause of action. All facts alleged in the complaint are deemed admitted, and we give

---

[2]     Bowen labeled his complaint as a "verified complaint." However, the record
reflects that it was not verified.

4

the complaint a reasonable interpretation by reading it as a whole and all of its parts in their context. [Citations.] We are not concerned with a plaintiff's possible inability to prove the claims made in the complaint, the allegations of which are accepted as true and liberally construed with a view toward attaining substantial justice.'" (*Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 602.)

## II. *ANALYSIS*

### A. *Bowen's Lack of Tender*

"It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security. [Citations.] This rule is premised upon the equitable maxim that a court of equity will not order that a useless act be performed. 'Equity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention.'" (*Arnolds Management Corp. v. Eischen* (1984) 158 Cal.App.3d 575, 578-579.) "To hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage to themselves." (*Id.* at p. 580.) Moreover, as the court in *Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 526, explained, "Allowing plaintiffs to recoup the property without full tender would give them an inequitable windfall, allowing them to evade their lawful debt."

Here, Bowen did not tender the amount owed when he filed the complaint. Moreover, as we have noted, *ante*, at the time Bowen filed his complaint he was in

5

chapter 13 bankruptcy proceedings.  Thus, not only did he fail to tender the amount of his indebtedness, he was financially and legally incapable of doing so.

Bowen asserts that he met this requirement because he "offer[ed] to tender an undertaking as may be required by the Court in conjunction with the bankruptcy proceedings."  However, "merely alleged offers to tender" are insufficient."  (*Stebley v. Litton Loan Servicing, supra,* 202 Cal.App.4th at p. 526, italics omitted.)

Because of Bowen's lack of a tender of the amount of his indebtedness, the court properly sustained the defendants' motion for judgment on the pleadings.

B.  *Bowen's Section 2932.5 Claim*

Bowen also bases his first cause of action on an alleged violation of section 2932.5.  This claim is also unavailing.

Section 2932.5 provides:  "Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person which by assignment becomes entitled to payment of the money secured by the instrument.  The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."

"Section 2932.5 is inapplicable in the instant case.  [Citations.]  It is well established that section 2932.5 does not apply to trust deeds, in which the power of sale is granted to a third party, the trustee.  [Citation.]  Section 2932.5 applies to mortgages, in which the mortgagor or borrower has granted a power of sale to the mortgagee or lender."  (*Herrera v. Federal National Mortgage Assn*. (2012) 205 Cal.App.4th 1495, 1509.)

6

C. *Bowen's Third Cause of Action*

1. *Section 2934a, subdivision* (*a*)(*4*)

In his third cause of action Bowen asserts that defendants violated section 2934a, subdivision (a)(4) because MERS "as a nominee beneficiary signed the assignment in its sole name . . . without designating [MER's] capacity," which allegedly voided the substitution of trustee.

However, the deed of trust did specify MERS's capacity as nominee. As the lender's nominee and agent, MERS was "authorized to do any act the principal may do," including signing the assignment. (*Fontenet v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 271, fn. 9.)

2. *Section 2924f, subdivision* (*b*)(*1*)

In his third cause of action, Bowen also asserts that there was a deficient notice of sale under section 2924f, subdivision (b)(1). We reject this contention.

The portion of section 2924f on which Bowen relies (which he mistakenly refers to as subdivision (b)(1)) provides:

> "(b) [¶] (3) A copy of the notice of sale shall also be posted in a conspicuous place on the property to be sold at least 20 days before the date of sale, where possible and where not restricted for any reason. If the property is a single-family residence the posting shall be on a door of the residence, but, if not possible or restricted, then the notice shall be posted in a conspicuous place on the property . . . . [¶] . . . [¶] (7) An inaccurate statement of this amount shall not affect the validity of any sale to a bona fide purchaser for value, nor shall the failure to post the notice of sale on a door as provided by this subdivision affect the validity of any sale to a bona fide purchaser for value."

7

However, the complaint alleges no facts as to how the notice of sale did not comply with this statutory provision. Likewise, Bowen's opening brief does not allege any facts supporting that claim. Thus, this claim has been forfeited.

3. *Bowen's post-transfer theory*

Bowen also asserts that the defendants lacked authority to foreclose because his loan was securitized and transferred into a trust after the closing date of the relevant pooling and securitization agreement (PSA). This contention is unavailing as Bowen lacks standing to assert such a claim.

As the court in *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 515, stated:

> "As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions. [Citation.] [¶] Furthermore, even if any subsequent transfers of the promissory note were invalid, [plaintiff] is not the victim of such invalid transfers because her obligations under the note remained unchanged."

Likewise in this case Bowen lacks standing to assert a "post-transfer" theory.

In support of this claim, Bowen cites *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 (*Glaski*), which held that plaintiffs such as Bowen do have standing to assert a post-transfer theory. However, numerous federal courts have rejected Glaski's analysis. As the court explained in *Zapata v. Wells Fargo Bank, N.A.* (N.D.Cal. Dec. 10, 2013, C 13-04288 WHA) 2013 U.S.Dist. Lexis 173187, *4-*5: "*Glaski,* however, is in the clear minority on this issue. The *Glaski* decision relies on New York law to reach its

8

conclusion. [Citation.] Every court in this district that has evaluated *Glaski* has found it is unpersuasive and not binding authority. *See Subramani v. Wells Fargo Bank N.A.,* No. C 13–1605, 2013 U.S. Dist. LEXIS 156556, 2013 WL 5913789, at \*3 (N.D. Cal. Oct. 31, 2013) (Judge Samuel Conti); *Dahnken v. Wells Fargo Bank, N.A.,* No. C 13–2838, 2013 U.S. Dist. LEXIS 160686, 2013 WL 5979356, at \*2 (N.D. Cal. Nov. 8, 2013) (Judge Phyllis J. Hamilton); *Maxwell v. Deutsche Bank Nat'l Trust Co.,* No. C 13–3957, 2013 U.S. Dist. LEXIS 164707, 2013 WL 6072109, at \*2 (N.D. Cal. Nov. 18, 2013) (Judge William H. Orrick Jr.); *Apostol v. Citimortgage, Inc.,* No. C 13–1983, 2013 U.S. Dist. LEXIS 167308, 2013 WL 6140528, at 6 (N.D. Cal. Nov. 21, 2013) (Judge William H. Orrick Jr.). Instead, courts in this district rely on the majority rule in *Jenkins v. JPMorgan Chase Bank, N.A.,* [*supra,* 216 Cal.App.4th 497]. . . . Until binding authority rules otherwise, the undersigned will follow the majority rule in *Jenkins*. This order therefore finds that plaintiffs have no standing to base their claims for relief on the securitization process or breaches of the Pooling and Service Agreement ('PSA')."

We conclude the majority rule as stated in *Jenkins* is better reasoned and reject *Glaski*.[3]

Moreover, even if we were to accept *Glaski's* standing analysis, there is another defect in Bowen's post-transfer theory. He cannot show prejudice. As the Court of Appeal explained in *Fontenot v. Wells Fargo Bank, N.A., supra,* 198 Cal.App.4th at page

---

[3]     This issue is currently on review before the California Supreme Court in *Yvanova v. New Century Mortgage Corp.* (2014) 226 Cal.App.4th 495, review granted August 27, 2014, S218973. *Yvanova* also agreed with the *Jenkins* holding and rejected the *Glaski* decision.

272, "Even if MERS lacked authority to transfer the note, it is difficult to conceive how plaintiff was prejudiced by MERS's purported assignment, and there is no allegation to this effect. . . . As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note."

Likewise in this case, Bowen has not asserted that the alleged post-closing transfer in any way changed his obligations. Therefore, he cannot show prejudice.

D. *Remaining Claims*

Bowen asserts that his remaining claims asserting fraud and related causes of action alleged sufficient facts to state valid causes of action. This contention is unavailing.

As discussed, *ante*, in his opposition to the motion for judgment on the pleadings Bowen only addressed the first and third causes of action for wrongful foreclosure. Thus he forfeited the right to challenge the court's ruling as to his other claims. (*In re Marriage of Hinman* (1997) 55 Cal.App.4th 988, 1002.)

Further, because all of Bowen's claims are related to the alleged wrongful foreclosure, his failure to tender the amount owing dooms those claims as well. (See *Arnolds Management Corp. v. Eichen, supra,* 158 Cal.App.4th at p. 579.) Finally, because Bowen's claims are all predicated upon his "post-closing transfer theory," which we have rejected, they fail for that reason as well.

E. *Denial of Leave To Amend*

Bowen asserts that he should have been granted leave to amend to cure any defects in his complaint. We reject this contention.

10

In his opposition to the motion for judgment on the pleadings Bowen, in his conclusion section, stated, "a request for leave to amend should be granted." However, that opposition did not specify how the complaint could be amended. Moreover, Bowen did not appear at the hearing on the motion, where he could have also requested leave to amend.

We review a trial court's order refusing to permit a plaintiff to amend a complaint for an abuse of discretion. (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497.) Because of our state's liberal pleading rules, a trial court's exercise of discretion in this regard is limited. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 970-971.) It is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows a reasonable possibility a defect in the complaint may be cured by amendment. (*Ibid.*; *Careau & Co. v. Security Pacific Business Credit*, *Inc.* (1990) 222 Cal.App.3d 1371, 1387 (*Careau*).)

The plaintiff has the burden to show in what manner the pleadings may be amended and how such amendments will change their legal effect. (*Careau*, *supra*, 222 Cal.App.3d at p. 1388.) This showing may be made for the first time on appeal, even where plaintiff made no request for leave to amend in the trial court. (Code Civ. Proc., § 472c, subd. (a);[4] *Aubry v. Tri-City Hospital Dist.*, *supra*, 2 Cal.4th at p. 971.)

---

[4]     Code of Civil Procedure section 472c, subdivision (a) states: "When any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made."

11

Bowen has not described, in opposition to the motion for judgment on the pleadings, or on appeal, new or more specific facts, nor how those allegations would state a cause of action. Rather, Bowen only restates the allegations of his complaint, including his offer to tender the amount owing. Bowen bears the burden of demonstrating that there is a reasonable possibility that the defects in his pleading can be cured by amendment, and he has not met this burden. (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742.) Under these circumstances, we cannot conclude that the court abused its discretion in not granting leave to amend. (See *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349-350.)[5]

DISPOSITION

The judgment is affirmed. Defendants shall recover their costs on appeal.

NARES, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.

[5] Based upon our holdings, we need not address defendants' claim that Bowen's claims are barred by the statute of limitations.

12