**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JASON DESCHAINE, | No. 14-15345 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01991-WBS-KJN |
| v. | |
| INDYMAC MORTGAGE SERVICES, a division of One West Bank, FSB; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Submitted June 2, 2015[**]
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and LAMBERTH,[***] Senior District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Royce C. Lamberth, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

We have jurisdiction of this case under 28 U.S.C. § 1291, and we affirm the district court's dismissal as follows:[1]

1.      The district court did not err in dismissing Deschaine's negligent and intentional misrepresentation claims. Deschaine failed to allege with sufficient particularity the "who, what, when, where, and how" of the alleged statements made by IndyMac representatives as required by the heightened pleading standards. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Deschaine also failed to plead facts demonstrating reliance. *See Cadlo v. Owens-Illinois, Inc.*, 23 Cal. Rptr. 3d 1, 5-6 (Ct. App. 2004). The alleged misrepresentations were made *after* Deschaine defaulted, received a loan modification, defaulted again, declared bankruptcy, and sought yet another loan modification. Thus, Deschaine failed to demonstrate that he continued seeking a loan modification *because of* the alleged misrepresentations. Additionally, Deschaine failed to plead with any particularity the viability of the "other options" he allegedly could have (but did not) pursue (because of his reliance on the alleged misrepresentations). Therefore, Deschaine cannot demonstrate that he refrained from pursuing *other options* due to his reliance on the alleged misrepresentations.

---

[1]      Deschaine filed the underlying action against Defendants IndyMac Mortgage Services, a division of OneWest Bank, FSB ("IndyMac") and the Federal Home Loan Mortgage Corporation ("Freddie Mac").

2.     The district court did not err in dismissing Deschaine's breach of contract claim. Deschaine failed to plead facts demonstrating that IndyMac failed to perform under either (1) its express obligations under the Workout Agreement, or (2) its implied obligations under the United States Treasury directives. Deschaine argues that IndyMac used the wrong income when it determined he did not qualify for a permanent Home Affordable Modification Program ("HAMP") loan modification. However, Deschaine does not allege that he identified or possessed financial documents that would demonstrate that IndyMac's income calculations were incorrect, negligent, or varied from the formula outlined in the Treasury directives. Contrary to Deschaine's allegations, IndyMac had no duty to offer Deschaine a loan modification based on an income determined by Deschaine or to handle Deschaine's loan "in such a way to prevent foreclosure and forfeiture of his property." *Lueras v. BAC Home Loans Servicing, LP*, 163 Cal. Rptr. 3d 804, 820 (Ct. App. 2013) (internal quotation marks omitted). Additionally, IndyMac performed under the implied duties imputed to lenders by the HAMP Treasury directives. *Id*. at 825-28. After determining Deschaine did not qualify for a permanent HAMP loan modification, IndyMac notified Deschaine of its determination and offered him the Modification Agreement, a good-faith

permanent modification consistent with HAMP guidelines.  *See West v. JPMorgan Chase Bank, N.A.*, 154 Cal. Rptr. 3d 285, 299 (Ct. App. 2013).

3.      The district court did not err in dismissing Deschaine's promissory estoppel claim.  According to Deschaine, IndyMac promised to grant him a permanent HAMP loan modification, and promised not to sell his home while he was in the modification process.  Under California law, to bring an action for promissory estoppel, a plaintiff must demonstrate: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance."  *US Ecology, Inc. v. State*, 28 Cal. Rptr. 3d 894, 905 (Ct. App. 2005) (alteration in original) (citing *Laks v. Coast Fed. Sav. & Loan Ass'n.*, 131 Cal. Rptr. 836, 839 (Ct. App. 1976)).

Deschaine's promissory estoppel claim fails, because IndyMac did not make a clear and unambiguous promise to offer Deschaine a permanent HAMP loan modification.  As to the alleged promise that there was no foreclosure sale date, Deschaine failed to allege the reasonableness of his reliance on this one oral statement.  Deschaine's default "triggered the lawful enforcement of the power of sale clause in the deed of trust, and it was the triggering of the power of sale clause that subjected [Deschaine's] home to nonjudicial foreclosure."  *Jenkins v. JP*

4

*Morgan Chase Bank, N.A.*, 156 Cal. Rptr. 3d 912, 933 (Ct. App. 2013).  Deschaine failed to demonstrate why it was reasonable for him to conclude that IndyMac would gratuitously waive its legally enforceable right to pursue default remedies provided for in the loan agreement, including acceleration and foreclosure. Deschaine also failed to allege facts showing it was reasonable for him to rely on one oral statement that clearly conflicted with the various written notices of default and trustee's sale he had received.

4.      The district court did not err in dismissing Deschaine's negligence claim, because IndyMac did not have "a common law duty of care to offer, consider, or approve a loan modification, or to explore and to offer [Deschaine] foreclosure alternatives." *See Lueras*, 163 Cal. Rptr. 3d at 820.  In California, as a "general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Id.* at 816 (internal quotation marks omitted).  Therefore, IndyMac owed no duty of care to Deschaine when considering his request for a loan modification, because "a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money." *Id.* at 820.  Deschaine failed to demonstrate that an exception to this rule applied by alleging facts indicating

5

that IndyMac was acting outside the scope of its conventional role as a lender of money, trustee, or nominee or that IndyMac did something to induce him not to make his monthly loan payments or that caused or exacerbated his default by negligently servicing the loan. *See id.* at 820-21.

5.      The district court did not err in dismissing Deschaine's California Civil Code section 2923.6 violation claim. Deschaine argued that he "did not receive a denial letter and was not given a chance to appeal" the denial of his loan modification in violation of California Civil Code section 2923.6(c) and (d). However, section 2923.6(c)(3) specifically authorizes a lender to pursue foreclosure against a defaulted borrower if "[t]he borrower accepts a written first lien loan modification, but *defaults on*, or otherwise breaches the borrower's obligations under, the first lien loan modification." *Id.* (Emphasis added). Deschaine does not dispute that he defaulted under the original loan agreement and defaulted again under the Modification Agreement (a "first lien loan modification"). Thus, because of Deschaine's multiple defaults, Deschaine did not have a statutory right to appeal subsequent loan modification application denials.

6.      The district court did not err in dismissing Deschaine's California Civil Code section 2923.7 violation claim. Because of Deschaine's previous defaults, Deschaine did not have a statutory right to a single point of contact as required by

6

California Civil Code § 2923.7. California Civil Code § 2923.6(g) states that "[i]n order to minimize the risk of borrowers submitting multiple applications . . . the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013." Deschaine defaulted under the original loan agreement and defaulted again under the loan Modification Agreement (a "first lien loan modification"). Thus, Deschaine was not entitled to this statutory protection.

7.    The district court did not err in dismissing Deschaine's California Civil Code section 2924 violation claim, because Deschaine did not have standing to contest the alleged fraudulent transfer of his deed of trust. *See Fontenot v. Wells Fargo Bank, N.A.*, 129 Cal. Rptr. 3d 467, 481 (Ct. App. 2011) (explaining that even if a deed of trust was fraudulently transferred, "it [was] difficult to conceive how plaintiff was prejudiced by [the alleged defective assignment] . . . [b]ecause a promissory note is a negotiable instrument [and] a borrower must anticipate it can and might be transferred to another creditor . . . without changing [plaintiff's] obligations under the note"); *Herrera v. Fed. Nat. Mortg. Ass'n*, 141 Cal. Rptr. 3d 326, 333 (Ct. App. 2012) (reiterating that California's foreclosure statutes authorizing a "trustee, mortgagee, or beneficiary, or an agent of any of them [to]

7

initiate foreclosure, [do] not include a requirement that an agent demonstrate authorization by its principal").

8.    The district court did not err in dismissing Deschaine's California Business and Professions Code § 17200 ("UCL") violation claims. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Because Deschaine failed to plead a plausible cause of action for each of the claims that he incorporated and relied upon as a basis for this cause of action, Deschaine's UCL claims also fail.

9.    The district court did not err in dismissing Deschaine's claim of wrongful foreclosure, because Deschaine failed to allege facts demonstrating that he made an unambiguous tender of the entire amount of IndyMac's secured debt. Therefore, under the tender rule, Deschaine cannot challenge the foreclosure. *See Arnolds Mgmt. Corp. v. Eischen*, 205 Cal. Rptr. 15, 17-18 (Ct. App. 1984) (finding under California law, the tender rule requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt).

10.   The district court properly declined to grant Deschaine's request to amend his complaint for a third time. Deschaine did not demonstrate how he would cure

8

the defects if leave were granted.  *See Lipton v. Pathogenesis Corp.*, 284 F.3d

1027, 1039 (9th Cir. 2002).[2]

**AFFIRMED**.

---

[2]     IndyMac requests that we take judicial notice of two documents.  We may take judicial notice of matters of public record in addition to documents referenced in the complaint, documents upon which the claim necessarily relies, and documents whose authenticity is not questioned.  *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).  We decline to take judicial notice of the requested documents, because they are not necessary to the determination of this case