**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE M. KRAMER, | No. 14-15973 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-01499-AWI-MJS |
| v. | |
| QUALITY LOAN SERVICING CORPORATION; BANK OF AMERICA, N.A., Successor by Merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; FEDERAL HOME LOAN MORTGAGE CORPORATION; DOES, 1-10, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted October 21, 2016
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HAWKINS and CALLAHAN, Circuit Judges, and SOTO,[**] District Judge.

Plaintiff-Appellant George Kramer appeals from the district court's order dismissing his complaint without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6) in favor of Defendants-Appellees Bank of America, Quality Loan Service Corporation (QLSC), Mortgage Electronic Registration Systems, Inc. (MERS), and Federal Home Loan Mortgage Corporation (Freddie Mac). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.     It is unnecessary to decide whether Kramer has standing to challenge the alleged violation of the terms of the Pooling & Servicing Agreement governing the Freddie Mac Multiclass certificates REMIC Series 3201 Trust ("Freddie Mac Trust") under *Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919 (2016). The violation that Kramer claims —that the Note was transferred into the Freddie Mac Trust but the Deed of Trust was not —cannot have occurred under California law. *Id.* at 927 (reiterating that a "deed of trust . . . is inseparable from the note it secures, and follows it even without a separate assignment").

2.     None of Kramer's challenges to MERS's assignment of the Note and Deed of Trust to Bank of America, or Bank of America's substitution of QLSC as

[**]     The Honorable James Alan Soto, United States District Judge for the District of Arizona, sitting by designation.

trustee, have merit.  First, MERS was acting as the lender's nominee when it assigned the Note and Deed of Trust to Bank of America, and thus its lack of possessory interest does not render this assignment invalid.  *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270 (2011), *disapproved of on other grounds by Yvanova*, 62 Cal. 4th at 939 n.13.  The Deed of Trust sufficiently establishes MERS's authority to take such action on behalf of the lender, and Kramer's allegations do not support an inference that additional authorization from the lender was required.  *See id.* at 270–71.

Second, while Kramer contends MERS's assignment to Bank of America is void because it was robo-signed by Renee Rosales, Kramer's allegations, taken as true, do not support an inference that Rosales lacked authority from MERS to make this assignment on its behalf or was not validly acting as MERS's agent when she signed this document.  Moreover, even assuming that this assignment was "robo-signed," forged, or otherwise unauthorized, it is subject to ratification.  Cal. Com. Code § 3403(a); *Common Wealth Ins. Sys., Inc. v. Kersten*, 40 Cal. App. 3d 1014, 1025–26 (1974).  This assignment is therefore voidable, not void, and Kramer lacks standing to challenge it.  *See Yvanova*, 62 Cal. 4th at 936; *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 813–15 (2016), *reh'g denied* (Apr. 11, 2016), *review denied* (July 13, 2016).

Third, under California law, assignments of the Note need not be recorded. *Yvanova*, 62 Cal. 4th at 927. Accordingly, the fact that the Note was allegedly transferred to Freddie Mac without being recorded does not indicate any impropriety.

Fourth, if the Note (and thus the Deed of Trust) was transferred to Freddie Mac in 2006, making the assignments from Aegis Wholesale, Aegis Mortgage, Countrywide Bank, and Countrywide Home Loans void *ab initio*, it does not follow that MERS's assignment of the Note and Deed of Trust to Bank of America in 2012 was also void. Kramer's allegations in no way suggest MERS lacked authority from Freddie Mac to assign the Note and the Deed of Trust to Bank of America in 2012. Thus, even assuming that the assignments recorded on the allonges are void because the Note was transferred to Freddie Mac in 2006, this theory does not support a claim for relief.

3. Kramer's allegations do not support his contention that Appellees lacked authority to foreclose, that the underlying debt was invalid, or that any other exception to the tender rule applies. *See Robinson v. Am. Home Mortg. Servicing, Inc. (In re Mortg. Elec. Registration Sys., Inc.)*, 754 F.3d 772, 785 (9th Cir. 2014). Kramer was therefore required to adequately allege tender to successfully bring his claims for wrongful foreclosure, *id.* at 784, quiet title, *Shimpones v. Stickney*,

4

219 Cal. 637, 649 (1934), and cancellation of instruments, *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 580 (1984). His allegations regarding his willingness to tender are insufficient, *Arnolds Mgmt. Corp.*, 158 Cal. App. 3d at 580, and the district court properly dismissed these claims.

4.    Assuming, without deciding, that Bank of America and QLSC owed Kramer a duty of care once he requested a loan modification, *see Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 948 (2014), Kramer's allegations do not support an inference that either Bank of America or QLSC breached that duty. The district court therefore properly dismissed Kramer's claim for negligence.

5.    Kramer's claim for an accounting was also properly dismissed. Kramer does not have a fiduciary relationship with any Appellee because "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (1991). Further, based on the language of the Note itself, Kramer has no plausible claim that any Appellee owes him money, or that he did not need to make payments, as a result of the securitization of the Note. Kramer therefore failed to state a claim for accounting. *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179–80 (2009).

6.	Kramer argues that Appellees violated California's Unfair Competition Law (UCL) by executing and recording false and misleading documents, executing and recording documents without the legal authority to do so, demanding and accepting payments for debts that were non-existent, reporting payments as late to credit bureaus without the right to do so, and acting as a beneficiary without the legal authority to do so.  Kramer also contends that Appellees violated the UCL by failing to transfer the Deed of Trust into Freddie Mac Trust.  We need not decide whether Kramer has standing to bring a claim based on these alleged violations because these contentions lack legal and factual support and fail to adequately state a claim for a UCL violation under any of the tests employed in California.  *Davis v. Ford Motor Credit Co.*, 179 Cal. App. 4th 581, 595–97 (2009) (discussing the three tests employed by California courts).

**AFFIRMED.**

6