NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFF SCHNEIDEREIT; ADELE MARIE SCHNEIDEREIT, | No. 13-55395 |
| Plaintiffs-Appellants, | D.C. No. 2:11-cv-06919-JVS-RNB |
| v. | |
| TRUST OF THE SCOTT AND BRIAN, INC., | MEMORANDUM* |
| Defendant, | |
| and | |
| 401 K PROFIT SHARING PLAN, U/A DTD 01/01/2003, FBO Scott and Janet Ehrke; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted August 9, 2017**

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Jeff and Adele Marie Schneidereit appeal pro se from the district court's judgment dismissing their action alleging federal and state law claims relating to a mortgage loan and nonjudicial foreclosure. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals under Fed. R. Civ. P. 12(b)(6) and 12(c). *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005). We may affirm on any basis supported by the record. *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013). We affirm.

The district court properly dismissed the Schneidereits' quiet title claim and their "gross negligence" claims seeking to set aside the trustee's sale, which we treat as wrongful foreclosure claims, because the Schneidereits did not allege facts sufficient to show that they tendered or could have tendered the full amount of the debt, any facts entitling them to an exception to the tender rule, and any prejudice caused by the alleged procedural defects. *See Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 640-42 (Ct. App. 2011) (setting forth the tender requirement and its four exceptions); *Arnolds Mgmt. Corp. v. Eischen*, 205 Cal. Rptr. 15, 17 (Ct. App. 1984) ("[A]n action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."); *Aguilar v. Bocci*, 114 Cal. Rptr. 91, 92 (Ct.

2                                                                                          13-55395

App. 1974) (a mortgagee cannot quiet title without satisfying his debt); *see also*

*Knapp v. Doherty*, 20 Cal. Rptr. 3d 1, 8 n.4 (Ct. App. 2004) (to attack a nonjudicial

foreclosure sale, a plaintiff must plead and prove "an improper procedure and the

resulting prejudice" (citation and internal quotation marks omitted)).

The district court properly dismissed the Schneidereits' negligence claims

against the banking entities because the Schneidereits failed to allege facts

sufficient to show that these defendants owed them a duty of care in relation to

their loan and its modification. *See Nymark v. Heart Fed. Savings & Loan Assn.*,

283 Cal. Rptr. 53, 56 (Ct. App. 1991) ("[A]s a general rule, a financial institution

owes no duty of care to a borrower when the institution's involvement in the loan

transaction does not exceed the scope of its conventional role as a mere lender of

money.").

Dismissal of the Schneidereits' negligence claims against the purchasers of

the property was proper because the Schneidereits failed to allege facts sufficient

to show a duty owed to them. *See Ladd v. County of San Mateo*, 911 P.2d 496,

498 (Cal. 1996) (elements of a negligence claim under California law).

Dismissal of the Schneidereits' promissory estoppel claim was proper

because the Schneidereits failed to allege facts sufficient to state a plausible claim.

3                                    13-55395

*See Jones v. Wachovia Bank*, 179 Cal. Rptr. 3d 21, 28 (Ct. App. 2014) (elements of a promissory estoppel claim under California law).

The district court properly dismissed the Schneidereits' disability discrimination-related claims because the Schneidereits failed to allege facts sufficient to state a plausible claim for relief. *See McDonald v. Coldwell Banker*, 543 F.3d 498, 505 (9th Cir. 2008) (elements of Fair Housing Act discrimination claim); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730-31 (9th Cir. 2007) (elements of a Title III ADA claim and noting that California's "Unruh Act is coextensive with the ADA"); *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 n.1 (9th Cir. 2003) ("California relies on ADA precedents to interpret analogous provisions of [California's] Fair Employment and Housing Act."); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (elements of a disability discrimination claim under Section 504 of the Rehabilitation Act of 1973); *see also Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114-16 (9th Cir. 2000) (under Title III of the ADA, there must be a connection to an actual physical place, and there is no discrimination where disabled individuals are given the same opportunity as everyone else).

The district court properly dismissed the Schneidereits' dependent abuse

4                                                                    13-55395

claim under section 15610.30 of the California Welfare and Institutions Code because the Schneidereits failed to allege facts sufficient to state a plausible claim. *See Stebley v. Litton Loan Servicing, LLP*, 134 Cal. Rptr. 3d 604, 608 (Ct. App. 2011) (foreclosing on the home of a "dependent" is, absent more, not a "wrongful use" of property under Cal. Welf. & Inst. Code § 15610.30).

The district court did not abuse its discretion by denying leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

This appeal as to appellees GMAC Mortgage, LLC ("GMACM") and Executive Trustee Services, LLC ("ETS") had been subject to an automatic stay

5                                                           13-55395

imposed by the United States Bankruptcy Court for the Southern District of New York.  Based upon a February 11, 2016 bankruptcy court order, the Schneidereits are barred from continuing to prosecute monetary claims against GMACM and ETS as a result of failing to file a proof of claim in the bankruptcy court. Accordingly, this appeal as to appellees GMACM and ETS is dismissed.[1]

**AFFIRMED.**

---

[1] Dismissal of this appeal as to GMACM is further supported by the Schneidereits' contention, set forth in their response (Docket Entry No. 31) to this court's order to show cause, that "GMACM has never been a party to this lawsuit or appeal."

13-55395