[Sac. No. 867.   Department One.—April 29, 1902.]

HUMBOLDT SAVINGS AND LOAN SOCIETY, Respondent, v. SILAS MARCH et al., Defendants.   J. T. SUMMERVILLE, Appellant.   GEORGE B. SPERRY, J. J. STEVINSON, H. H. HEWLETT, J. J. RAUER, and WALTER F. SIBLEY, Sheriff, Respondents.

MORTGAGE—FORECLOSURE—VACATING SALE.—The granting or denial of a motion to vacate a sale of property made in execution of a judgment in foreclosure, on account of some irregularity on the part of the officer making the sale, either in disregarding the provisions of the statute for making the sale or in failing to observe and follow some express direction in the judgment, rests very largely in the discretion of the court before which the motion is made.

ID.—ESTOPPEL OF PARTIES.—If the parties to the action of foreclosure consented that the officer making the sale might disregard the express directions of the judgment as to the form and manner of

CXXXVI. Cal.—21

the sale, they will not afterwards be permitted to object to such disregard.

ID.—SHOWING OF INJURY—INTEREST OF STRANGER.—A party to the action cannot claim an absolute right to have such sale vacated, unless he can show that he has sustained some injury by reason of the irregularity therein; and a stranger to the action will not be permitted to intrude himself into the controversy upon a motion to vacate the sale, unless he shall very clearly show that he has some interest in the property sold, and, also, that by reason of the manner in which the sale was conducted he will be injuriously affected if the sale is permitted to stand.

ID.—DEFECTIVE MOTION—DISMISSAL.—A motion to vacate the sale under foreclosure which does not show that the party making the motion has any interest in the land sold is fatally defective, and was properly dismissed—especially where it appeared that any rights acquired by him were subsequent to the sale of a portion of the land to the one who demanded that it should not be sold under the foreclosure decree, and that the moving party had no interest in that part of the tract, and that none of the parties to the suit had objected to the sale as made under the judgment of foreclosure.

APPEAL from an order of sale of the Superior Court of San Joaquin County. Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

J. B. Webster, and Elliott & Elliott, for Appellant.

A. D. Keyes, and C. E. Hatch, for Humboldt Savings and Loan Society, Respondent.

Nicol, Orr & Nutter, for George B. Sperry and J. J. Stevinson, Respondents.

HARRISON, J.—The above-named plaintiff commenced an action against the defendants, eight in number, for the foreclosure of a mortgage upon a tract of land about three hundred and fifteen acres in area. Service was made upon the defendants, and their defaults entered December 5, 1893. Judgment, directing a sale of the said land, was rendered November 28, 1894. Prior thereto,—viz., October 11, 1893,—George B. Sperry purchased from the defendants and became the owner of the northerly hundred acres of the said tract of land, and his deed of conveyance therefor was recorded on the same day in the office of the county recorder. March 2, 1894,

a judgment was rendered in said superior court against five of the above-named defendants, in favor of one H. E. Williamson, and under an execution thereon the sheriff of said county sold to the appellant herein the interest of the said five defendants in said land, and on December 19, 1896, executed to him a sheriff's deed therefor.

An order of sale was issued upon the judgment in favor of the plaintiff herein, November 3, 1899, and by virtue thereof the sheriff gave notice that he would sell the said land on the 27th of November, 1899. The judgment in the action directed that the land should be sold as a whole, in one parcel, and the sheriff's notice of sale stated that it would be so sold. At the time appointed for the sale, and before the sheriff had offered the land therefor, Sperry served upon him a notice that he was the owner of the afore-named one hundred acres, and demanded that he sell the remaining portion of said tract separately therefrom, offering at the same time to bid an amount sufficient to satisfy the judgment. Four of the defendants against whom the judgment in favor of Williamson had been rendered gave similar directions to the sheriff, and the plaintiff herein consented to the sale being made in that mode. An objection was made on behalf of the appellant to that mode of sale, but no gound of the objection was specified. The sheriff thereupon offered for sale that portion of the land not conveyed to Sperry, and sold the same for an amount sufficient to satisfy the judgment. Thereafter the appellant made a motion before the superior court for an order setting aside the sale. At the hearing of the motion, upon the above facts being shown, the court held that, "considering the parties and questions involved, the court ought not to adjudicate on the motion the matters sought to be adjudicated thereby, and thereupon dismissed the said motion." From the order dismissing his motion the present appeal has been taken.

Whether a motion to vacate a sale of property made in execution of a judgment, on account of some irregularity on the part of the officer making the sale, should be granted rests very largely in the discretion of the court before which the motion is made; and it is immaterial whether such irregularity consists in disregarding the provisions of the statute

for making the sale or in failing to observe and follow some express direction in the judgment. A party to an action cannot claim an absolute right to have such sale vacated, unless he shall show that he has sustained some injury by reason of the irregularity. Even if the judgment contain express directions as to the form and manner of the sale, if the parties to the action consent that the officer may disregard these provisions, they will not afterwards be permitted to object to such disregard. A stranger to the action will not be permitted to intrude himself into the controversy, unless he shall very clearly show that he has some interest in the property sold, and, also, that by reason of the manner in which the sale was conducted he will be injuriously affected if the sale is permitted to stand.

The judgment-roll in the foreclosure suit is set forth in the transcript, and it does not appear by whom the mortgage to the plaintiff was executed, or upon what grounds the defendants, other than the mortgagor, were made parties to the action. The appellant's petition to vacate the sale does not show the character of the judgment in favor of Williamson, nor is it shown therein that the defendants, against whom the court rendered that judgment, had any interest in the land, either at the time the judgment was rendered or the sale thereunder made to the plaintiff—his petition merely stating that the sheriff sold and conveyed to him their interest in the land, without stating the extent of that interest, or that they had any interest in it. Neither does the appellant state in his petition that he has any interest in the land embraced in the judgment herein; and in the affidavit of Sperry, which was presented to the superior court, it was stated that the appellant never has been the owner of or in any manner interested in the northernmost hundred acres of the said tract of land. It also appears that Sperry had purchased this hundred-acre tract and placed his deed therefor on record before the sale to the appellant.

At the sale under the foreclosure suit the plaintiff consented to the manner in which the officer made the sale, and his judgment was fully satisfied. None of the defendants in the action have made any objection to the sale, or the manner in which it was conducted, and four of those under whom the appellant

derives his claim consented thereto.  Under these circumstances it was incumbent upon the appellant to make it clearly appear to the superior court that he had some interest in the land, and upon his failure to do so the court very properly dismissed his motion.

The order is affirmed.

Van Dyke, J., concurred.

BEATTY, C. J., concurring.—I concur.  When Sperry bought the north hundred acres of the mortgaged premises he acquired the right, as against the mortgagors and their subsequent grantees, to have the remainder of the land first sold in satisfaction of the mortgage lien, and if he and Summerville had been parties to the foreclosure suit, the court, in the absence of any objection by the mortgagee, would have ordered the sale made as it was made.  By his motion to set aside the sale Summerville has made himself and Sperry parties to the foreclosure, and has opened the question as to their respective rights in the action.  If the sale as made did not violate any right which he could have claimed by an intervention at an earlier stage of the proceedings, the court is not compelled to set it aside in order to secure to him a fortuitous advantage which would have resulted from a strict compliance with the order of sale.  The original parties to the action are satisfied, and third parties can only complain when their rights have been invaded.  No right of Summerville was impaired by selling separately the land not previously conveyed by the mortgagors to Sperry.  The result was to leave him exactly where a proper decree in the foreclosure suit would have placed him if his and Sperry's equities had been litigated therein.