[Civ. No. 14465.   First Dist., Div. Two.   Jan. 15, 1951.]

FRANK J. FOGE, Respondent, v. WALTER J. SCHMIDT et al., Appellants.

William Steinberg for Appellants.

Mancuso, Herron & Winn for Respondent.

DOOLING, J.—Defendants appeal from a judgment setting aside a sale of plaintiff's property to them at a trustee's sale to satisfy an indebtedness under a third deed of trust. The court found that the property was worth at least $11,000 and that the total indebtedness secured by it did not exceed $6,600. The property was bought by the trustee for slightly under $700 for which, on the court's finding, he secured property having a clear equity of at least $4,400. The facts thus support the finding that the sale price was grossly disproportionate to the value of the property. The court found that the plaintiff's mother and a real estate agent who, the evidence showed, was acting for plaintiff, each made a bid of $750 for the property. Neither had the cash in hand and each asked for not over 10 or 15 minutes to go to a bank to secure it which the auctioneer refused. The agent had brought a blank check executed by his firm and the court found that there are many banks in the vicinity of the place of sale (in downtown San Francisco) which were then open for business and that the agent could have obtained the cash to support his bid if his request had been granted. On these facts the court found that the sale was unfairly conducted.

■ While mere inadequacy of price, standing alone, will not justify setting aside such a sale (*Stevens* v. *Plumas-Eureka Annex Min. Co.*, 2 Cal.2d 493 [41 P.2d 927]) gross inadequacy of price coupled with even slight additional evidence of unfairness is sufficient to authorize setting the sale aside (*Winbigler* v. *Sherman*, 175 Cal. 270, 275 [165 P. 943]; 25 Cal.Jur. 90-91).

We need go no further than the Winbigler case to support the finding of unfairness. In that case the owner, who had learned of the proposed sale 30 minutes before, asked the auctioneer for a reasonable continuance to procure the cash to make a bid. The auctioneer's refusal coupled with inadequacy of price was held to make the sale voidable.

Defendants seek to distinguish the Winbigler case on the ground that there the owner had not known of the proposed sale in time to procure the cash. ■ But whether the particular facts justify setting the sale aside rests very largely in the trial court's discretion (*Humboldt etc. Society* v. *March*, 136 Cal. 321, 323 [68 P. 968]) and we cannot say that under the facts of this case discretion was abused. The denial of such a short delay as one quarter of an hour or less when the agent acting on behalf of plaintiff had a check of his firm which he could readily cash at a bank indicates a desire to secure the property for the trustee bidder on any technicality rather than one to obtain the highest and best bid.

■ Defendants point to the rule that an offer to pay the indebtedness is a prerequisite to a judgment vacating the sale. (*Py* v. *Pleitner*, 70 Cal.App.2d 576, 582 [161 P.2d 393].) In his complaint plaintiff did offer to pay the indebtedness. This offer was refused by defendants' election to stand on the sale and to contest plaintiff's right to have it set aside. The decree merely vacates the sale and orders a new one to be held. Under the circumstances defendants cannot be heard to assert on appeal that plaintiff refused to do equity.

Judgment affirmed.

Nourse, P. J., and Schottky, J. pro tem., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 15, 1951.