Filed 12/7/15  Mor v. U.S. Bank Nat. Assn. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| IDAN MOR et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br>as Successor, etc.,<br><br>    Defendants and Respondents. | B257406<br><br>(Los Angeles County<br>Super. Ct. No. BC528490) |


APPEAL from an order and a judgment of the Superior Court of Los Angeles County, Michael J. Stern, Judge.  Affirmed in part and reversed in part.

Simon Resnik Hayes, Matthew D. Resnik and David M. Kritzer for Plaintiffs and Appellants.

LeCLAIRRYAN, Robert S. McWhorter and Scott P. Mallery for Defendants and Respondents.

——————————————————

Appellants Idan Mor (Mor) and Naama B. Josef contend the trial court erred in sustaining without leave to amend a demurrer to claims arising out of the allegedly wrongful foreclosure of their property. Respondent is U.S. Bank National Association, for itself, and as successor in interest to the Federal Deposit Insurance Corporation, as receiver for Downey Savings and Loan Association, F.A.

The trial court sustained respondent's demurrer to all causes of action without leave to amend on the ground that appellants had not tendered the full amount of the debt to respondent and no exception to the tender requirement applied. We conclude the trial court erred because appellants adequately alleged tender. In addition, we conclude that the demurrer was improperly sustained as to the causes of action for wrongful foreclosure, fraud, promissory estoppel, negligent misrepresentation, judgment to set aside trustee's sale, judgment to cancel trustee's deed, and quiet title as these causes of action were adequately stated. Accordingly, we reverse as to those causes of action.

We affirm only as to the causes of action for declaratory and injunctive relief as these causes of action were not adequately stated and appellants have not shown how they could amend their complaint to do so.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellants filed the present action in November 2013.[1] Appellants exercised their right to amend the complaint, and filed the operative first amended complaint (FAC) on February 13, 2014. The FAC alleged causes of action for: (1) wrongful foreclosure, (2) fraudulent misrepresentation, (3) promissory estoppel, (4) negligent misrepresentation, (5) preliminary and permanent injunction, (6) judgment to set aside trustee's sale, (7) judgment to cancel trustee's deed, (8) quiet title, and (9) declaratory relief.

---

[1]     Old Republic National Title Insurance Company was named as a defendant in the complaint but it is not a party to this appeal.

2

In March 2004, appellants purchased a single-family home (Property) for $500,000.[2] At some point, appellants began renting the Property to tenants. In July 2005, appellants refinanced the loan on the Property with a loan of $630,000 from Downey Savings and Loan Association, F.A. (Downey). In December 2007, appellants and Downey entered into a loan modification agreement which required appellants to make monthly payments of $3,695.01 beginning in January 2008. Respondent succeeded Downey as the servicer of the loan.

Starting in May 2012, appellants failed to make the full monthly payments due on the loan. In November 2012, appellants attempted to make the monthly payment due but respondent refused to accept it. On November 17, 2012, Mor called respondent and was told that appellants would be sent a loan modification package. Appellants did not receive the promised loan modification package at that time, but did receive a letter stating the amount required to reinstate their loan.

In May 2013, a notice of default was recorded. On June 5, 2013, Mor contacted respondent and spoke with a representative about the default. The representative told Mor that appellants were eligible for a loan modification, would be sent an application " 'right away,' " and would have 30 days from the date of its receipt to submit the application to respondent. Mor was told respondent would not foreclose on the Property while his application was in " 'active review.' "

Appellants finally received the loan modification package on September 30, 2013. On October 3, 2013, a Notice of Trustee's Sale was recorded for a sale on October 25, 2013. On October 4, Mor called respondent and was told that the sale was " 'cancelled,' " that "currently there isn't a new date scheduled," and that " 'as long as you turn [the loan modification application] in within the next 30 days, you'll be fine.' "

---

**2**     Because the issue on appeal is whether the trial court properly sustained respondent's demurrers to the complaint, our summary of the relevant facts assumes the factual allegations in the complaint are true. (*Bower v. AT&T Mobility, LLC* (2011) 196 Cal.App.4th 1545, 1552.)

3

On October 25, 2013, respondent foreclosed on the Property and purchased it for approximately the amount of the outstanding debt. On October 30, 2013, without knowledge of the sale, Mor faxed a completed loan modification package to respondent. On November 4, 2013, Mor discovered the Property had been sold. He immediately called respondent and was told there was nothing he could do to "reverse the situation." Later that day, appellants received a letter from respondent stating that respondent was " 'review[ing] [appellants'] file information and documents . . . to address the issue you have raised,' " and that their "account [was] in the loss mitigation and/or foreclosure process."

Appellants' wrongful foreclosure cause of action and related claims are based on respondent's alleged misrepresentations regarding the timing of the foreclosure sale. The FAC alleged that "but for [respondent's] promises, [appellants] could have simply cured the default by paying the arrearages . . . before the sale occurred" or filed for bankruptcy protection. The FAC further alleged that "[appellants] are able, ready and willing to tender the total sum due on the subject loan."

Respondent demurred to the entire FAC arguing, inter alia, that the "FAC does not allege that [appellants] had tendered, or are able to tender, the debt secured by the Property." Respondent also argued that the FAC failed to allege sufficient facts in support of each cause of action.

In opposition, appellants contended the FAC *did* allege tender. In the alternative, appellants argued that it would be inequitable to require tender here, and that each cause of action was adequately pled. In reply, respondent acknowledged that the FAC did allege tender, but argued that this "offer to tender the amount owed [] in the FAC is too late" and "the FAC's offer of tender is not sufficient" as "[appellants] fail to allege that they unconditionally tendered the full amount of the debt owed [] prior to or when they filed this action."

On April 15, 2014, the trial court heard the demurrer and continued the matter to May 2, 2014 "to provide [appellants] an opportunity to tender the full amount of the debt owed as precondition to bringing this action." On May 2, 2014, the court sustained

the demurrer in its entirety without leave to amend on the ground that appellants had not "tender[ed] the full amount owed under the note" and no exception to the tender rule applied. Appellants timely appealed.

## CONTENTIONS

Appellants contend the trial court erred in concluding that their allegation of tender was inadequate. Respondent contends that the FAC's alleged " 'offer to tender all amounts lawfully due and owing to [respondent]' " was inadequate because a plaintiff must allege that they "actually tendered the amount due to [the] bank."[3] In the alternative, respondent argues that the demurrer was properly sustained because the FAC failed to allege sufficient facts stating each cause of action.

## DISCUSSION

1. *Standard of Review*[4]

"On appeal from a dismissal after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment about whether the complaint states a cause of action as a matter of law. [Citations.] We give the complaint a reasonable interpretation, reading it as a whole and viewing its parts in context. [Citations.] We

---

[3] On September 4, 2015, we asked the parties to address in supplemental letter briefs the adequacy of appellants' tender allegation. In its letter brief, respondent argued that the FAC's allegation appellants were "able, ready, and willing to tender the total sum due on the subject loan" was inadequate. Respondent takes a different stance in its brief on appeal where it argues that "[a]ppellants have never indicated that they were read[]y, willing or able to tender the undisputed amounts owed to U.S. Bank under the Loan." We address both of respondent's arguments herein.

[4] Respondent contends that due to appellants' failure to designate a reporter's transcript, we "must conclusively presume the evidence presented supported the trial court's rulings and findings." However, this appeal does not raise evidentiary issues. Where an appeal is from an order sustaining a demurrer, "a reporter's transcript or agreed or settled statement is not necessary." (*Lin v. Coronado* (2014) 232 Cal.App.4th 696, 700, fn. 2; see also *Chodos v. Cole* (2012) 210 Cal.App.4th 692, 699 [reporter's transcript not necessary where appellate issue is "a pure legal issue based on the filings before the trial court"].) As our review is de novo, the absence of a reporter's transcript is irrelevant to our review.

5

deem to be true all material facts properly pled. [Citation.] We must also accept as true those facts that may be implied or inferred from those expressly alleged. [Citation.] If no liability exists as a matter of law, we must affirm that part of the judgment sustaining the demurrer. [Citation.]" (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1500-1501.)

> 2. *The FAC Adequately Pled Causes of Action for Wrongful Foreclosure, "Judgment to Set Aside the Trustee's Sale," and "Judgment to Cancel Trustee's Deed"*

The procedure leading up to a nonjudicial foreclosure has been summarized as follows: "Upon default by the trustor [under a deed of trust containing a power of sale], the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale. (Civ. Code, § 2924; [citation].) The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee. (Civ. Code, § 2924; [citation].) After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale. (Civ. Code, § 2924, subd. (b); [citation].) After the 3-month period has elapsed, a notice of sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale. (Civ. Code, § 2924f; [citation].)" (*Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830.)

The statutory framework governing nonjudicial foreclosures "provide[s] the trustor with opportunities to prevent foreclosure by curing the default. The trustor may make back payments to reinstate the loan up until five business days prior to the date of the sale, including any postponement. [Citations.]" (*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 86-87.) In addition, before real property is sold in a foreclosure sale, "the trustor [also] has an equity of redemption under which the trustor may pay all amounts due . . . to avoid loss of the property." (*Id.* at p. 87 citing Civ. Code, §§ 2903, 2905.)

After a nonjudicial foreclosure sale has been completed, the traditional method by which the sale is challenged is a suit in equity to set aside the trustee's sale. Generally, a challenge to the validity of a trustee's sale is an attempt to have the sale set

6

aside and to have title restored.  (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 103 (*Lona*).)  The elements of an equitable cause of action for wrongful foreclosure or to set aside a trustee's sale are:  "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.  [Citations.]"  (*Id.* at p. 104.)  The mortgagor may satisfy the first element of this claim by showing that "the trustee[] or the beneficiary[] fail[ed] to comply with the statutory procedural requirements for the notice or conduct of the sale.  [Citations.]"  (*Ibid.*)[5]

"An allegation of tender of the indebtedness is necessary when the person seeking to set aside the foreclosure sale asserts the sale is voidable due to irregularities in the sale notice or procedure.  [Citations.]"  (*West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 801 (*West*); *Arnolds Management Corp. v. Eischen* (1984) 158 Cal.App.3d 575, 578 (*Arnolds*) ["It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security.  [Citations.]"]; *Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 117 (*Karlsen*) ["A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."].)  Thus, a demurrer is properly sustained as to a wrongful foreclosure cause of action premised on irregularities in the sale process "[i]n the absence of an allegation of tender or offer of tender . . . . "  (*Shuster v. BAC Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505, 513; see also *West*, *supra*, 214 Cal.App.4th at p. 802 [holding that a demurrer was properly sustained

---

[5]     Although separately alleged in the FAC, the causes of action for wrongful foreclosure, to set aside the trustee's sale, and to cancel the trustee's deed are essentially a single cause of action because they assert a violation of the same primary right.  Thus, we address the first, sixth and seventh causes of action together.

7

as to a cause of action to set aside a trustee sale where the plaintiff "did not allege she tendered or could tender the full amount of the indebtedness"].)

"A tender is an offer of performance made with the intent to extinguish the obligation." (Civ. Code, § 1485.) "A valid tender of performance must be of the full debt, in good faith, unconditional, and with the ability to perform. [Citations.]" (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1053.)

The requirement of tender "is premised upon the equitable maxim that a court of equity will not order that a useless act be performed." (*Arnolds*, *supra*, 158 Cal.App.3d at pp. 578-579.) " '[I]f [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower].' [Citation.]" (*Lona*, *supra*, 202 Cal.App.4th at p. 112.) "[T]o hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage to themselves." (*Arnolds*, *supra*, 158 Cal.App.3d at p. 580.)

Here, contrary to respondent's contention, the FAC's claims for wrongful foreclosure and to set aside the trustee's sale were adequately pled. The FAC alleged that (1) respondent failed to comply with the statutory procedural requirements for the notice of the sale, (2) appellants were prejudiced because they refrained from reinstating their loan or filing for bankruptcy protection, and (3) appellants are willing and able to tender the amount of the secured indebtedness. Despite this allegation of tender, the trial court required appellants to present evidence that they had, after the demurrer was filed, directly offered payment to respondent in the amount that had been due on the loan prior to the foreclosure. This was improper.

First, this order was at odds with the procedural posture of the case. "[T]he limited role of a demurrer [is] to test the legal sufficiency of a complaint. [Citations.]" (*Donabedian v. Mercury Ins. Co.* (2004) 116 Cal.App.4th 968, 994.) " 'A demurrer tests the pleading alone, and not the evidence or the facts alleged.' [Citation.]" (*E-Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308, 1315.) Accordingly, the court erred in requiring appellants to present evidence at a hearing on the demurrer; the court's role was limited to evaluating the allegations in the FAC.

8

Second, the court's order that appellants offer payment of the debt directly to respondent was improper because the allegation of tender was sufficient. Contrary to respondent's argument that appellants were required to allege they "had actually tendered the amount due to [the] bank," an *offer to pay the secured debt in the complaint itself is sufficient*. (See *Foge v. Schmidt* (1951) 101 Cal.App.2d 681, 683 [holding that in an action to set aside a trustee's sale under a trust deed, an offer to pay the indebtedness in the complaint was sufficient tender]; see also 4 Miller and Starr, Cal. Real Estate (3d ed. 2015) Requirement of Tender § 10:256 (2015) ["[A]s a condition precedent to any action by the trustor to set aside the trustee's sale on grounds that the sale is voidable, the trustor must pay, or offer to pay, the secured debt, or at least all of the delinquencies and costs due for redemption, before the action is commenced *or in the complaint*."] (emphasis added).) Here, the FAC adequately alleged that appellants were willing and able to pay the full amount due on the subject loan. This offer was unconditional and, at the demurrer stage, we presume it was made in good faith. Under such circumstances, respondent "cannot be heard to assert on appeal that [appellants] refused to do equity." (*Foge v. Schmidt*, *supra*, 101 Cal.App.2d at p. 683.)[6]

   3.   *The Causes of Action for Fraud, Negligent Misrepresentation, Promissory Estoppel and Quiet Title Were Adequately Stated*

      A.   *The Fraud and Negligent Misrepresentation Causes of Action*

The elements of a fraud claim are " ' " '[1] misrepresentation (false representation, concealment, or nondisclosure); [2] knowledge of falsity (or "scienter"); [3] intent to defraud, i.e., to induce reliance; [4] justifiable reliance; and [5] resulting damage.' " [Citation.]' [Citation.] Claims for negligent misrepresentation deviate from this set of elements. 'The tort of negligent misrepresentation does not require scienter or intent to defraud. [Citation.] It encompasses "[t]he assertion, as a fact, of that which

---

[6]      Having found the allegation of tender was adequate, we need not address whether the trial court properly found that the tender rule applied to all of the causes of action.

9

is not true, by one who has no reasonable ground for believing it to be true" [citation], and "[t]he positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true" [citations].' [Citation.]" (*McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784, 792-793.) "In California, fraud must be pled specifically; general and conclusory allegations do not suffice. [Citations.]" (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645.)

Here, the FAC alleged facts satisfying each element of the fraud and negligent misrepresentation claims. It alleged that (1) on June 5, 2013, respondent's representative Ashley Nelson told Mor over the phone that respondent would have 30 days to submit a loan modification application following receipt of the loan modification package and on October 4, 2013, respondent's representative "Mike M." told Mor the foreclosure sale was cancelled and would be postponed for 30 days to allow appellants time to submit the loan modification application, (2) respondent's representatives knew or should have known these statements were false, and (3) intended to induce appellants to rely on these misrepresentations in order to foreclose on the property, (4) in reliance on these misrepresentations, appellants refrained from reinstating their loan or filing for bankruptcy protection, and (5) as a result, appellants' property was foreclosed upon. Furthermore, fraud was pled specifically: the FAC alleged the names of the individuals who made the misrepresentations, that these statements were made to Mor over the phone, and the dates when the statements were made.

Several of respondent's challenges to the fraud causes of action are based on a misreading of the FAC. Respondent contends that the fraud claims fail because appellants could not have reasonably relied on any promise to modify their loan and respondent's "refusal to modify their loan do[es] not serve as a basis for fraud." However, the FAC does not allege that respondent promised to modify the subject loan. The fraud claims are based on respondent's misrepresentation that it would consider appellants' loan modification application if submitted within 30 days and postpone the foreclosure sale during that time.

10

Respondent also contends that these claims are "based on concealment," and therefore a fiduciary relationship must be alleged. However, the fraud claims are based primarily on respondent's affirmative misrepresentations and, therefore, respondent's argument does not show that these claims were inadequately alleged.[7]

Respondent next contends that the fraud claims are preempted by the Home Owners' Loan Act ("HOLA"). (12 U.S.C. §§ 1461-1470.) We cannot reach this issue on appeal from an order sustaining a demurrer because appellants have not alleged that respondent or its predecessors were entities regulated by HOLA, and respondent has not sought judicial notice of this purported fact. At this early stage of the proceedings, therefore, we cannot consider it.

Lastly, citing Code of Civil Procedure section 425.10, subdivision (b), respondent contends that the fraud claims do not adequately allege damages because the FAC fails to "allege damage in a definite amount." As that subdivision applies only to "personal injury or wrongful death" actions, we presume respondent is referring to subdivision (a)(2) which provides that a complaint "shall contain . . . [a] demand for judgment for the relief to which the pleader claims to be entitled," including the amount of damages demanded. (Code Civ. Proc., § 425.10, subd. (a)(2).) "The purpose of such a requirement is to ensure that the defendant is sufficiently aware of the consequences of not answering the complaint. [Citation.] . . . Hence, the absence of a specific amount from the complaint is not necessarily fatal as long as the pleaded facts entitle the plaintiff to relief. [Citations.]" (*Furia v. Helm* (2003) 111 Cal.App.4th 945, 957.) Here, the FAC adequately alleges facts describing how appellants were damaged by

---

[7]     Respondent's cited authority for this argument, *LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, also does not establish that a fiduciary relationship must be alleged when a fraud claim is based on a failure to disclose. *LiMandri* set forth " '*four* circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts. [Citation.]' [Citation.]" (*Id.* at p. 336 (emphasis added).)

11

respondent's alleged fraud: they lost their property to foreclosure.**8** These allegations were sufficient to overcome a general demurrer despite the absence of a specific amount of damages.

B. *The Promissory Estoppel Cause of Action*

" ' "The elements of a promissory estoppel claim are '(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance.' " ' [Citation.]" (*Aceves v. U.S. Bank, N.A.* (2011) 192 Cal.App.4th 218, 225 (*Aceves*).)

Here, the FAC alleged facts satisfying each element of a promissory estoppel claim. It alleged that (1) on June 5, 2013, respondent's representative told Mor that appellants had 30 days to submit a loan modification application after receipt of the loan modification paperwork and that the foreclosure sale would be postponed while their application was in "active review," (2) in reliance on this promise, appellants refrained from reinstating their loan or filing for bankruptcy protection, (3) appellants' inaction was reasonable and foreseeable, and (4) as a result, appellants' property was foreclosed upon.

Respondent first contends that its promise that the foreclosure sale would not proceed while appellants' loan modification application was considered was not "clear and unambiguous." "To be enforceable, a promise need only be ' "definite enough that a court can determine the scope of the duty[,] and the limits of performance must be

---

**8** Respondent's argument that "no duty of care is owed in servicing mortgage loan and loan modifications," asserted in response to appellants' negligent misrepresentation claim, is based on *Aspiras v. Wells Fargo Bank, N.A.* (2013) 219 Cal.App.4th 948, which has been decertified for publication by the California Supreme Court. (Cf. *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 68-69 ["a lender *does owe* a duty to a borrower to not make material misrepresentations about the status of an application for a loan modification or about the date, time or status of a foreclosure sale. . . . It is foreseeable that a borrower might be harmed by an inaccurate or untimely communication about a foreclosure sale . . . . " (emphasis added)].)

sufficiently defined to provide a rational basis for the assessment of damages." ' "
(*Garcia v. World Savings, FSB* (2010) 183 Cal.App.4th 1031, 1045 (*Garcia*).)

In *Garcia*, a lender foreclosed on the homeowners' property after assuring them that the foreclosure sale was postponed. (*Garcia*, *supra*, 183 Cal.App.4th at p. 1036.) The homeowners had made arrangements to finance other property they owned to obtain funds to cure the loan deficiency. (*Ibid.*) Although the lender verbally promised to postpone the foreclosure sale until the following week when the homeowners' new loan was slated to close, the trustee sale proceeded as scheduled. (*Ibid.*) The Court of Appeal concluded that the promise to postpone the sale was "sufficiently definite to determine the scope of the promise and respondent's obligation." (*Id.* at p. 1045.)

Here, as in *Garcia,* the FAC alleged that respondent promised to postpone the sale for a defined period of time: during the 30 days appellants were given to submit a loan modification application and while that application was in "active review." This is a clear and unambiguous promise. It indicates that respondent would not foreclose on appellants' property without first allowing appellants to apply for a loan modification within the time period specified. (See *Aceves*, *supra*, 192 Cal.App.4th at p. 226 [holding that the defendant lender's promise that it would not foreclose "without first engaging in negotiations . . . to reinstate and modify the loan" was clear and unambiguous].)

Respondent next contends that the FAC failed to allege facts showing detrimental reliance because appellants "do not allege any action that they did not take or could not have taken." In fact, the FAC alleges that appellants refrained from pursuing other options to prevent foreclosure such as reinstating the loan or filing for bankruptcy protection. At the demurrer stage when we are required to liberally construe the complaint, these allegations are sufficient to show that respondent should have reasonably expected its promises to induce inaction by appellants. (Cf. *Jones v. Wachovia Bank* (2014) 230 Cal.App.4th 935, 948 (*Jones*) [holding that summary judgment was properly granted as homeowners did not detrimentally rely on lender's

13

promise to postpone foreclosure sale date but only hoped for further postponements and that a loan modification or money from friends might eventually become available].)

Lastly, respondent contends that the alleged oral agreement to forbear foreclosure was subject to the statute of frauds and, therefore, unenforceable. "The statute of frauds is codified in Civil Code sections 1624 (governing contracts) and 1698 (governing modifications to contracts). A deed of trust is covered by the statute of frauds (Civ. Code, § 1624, subd. (a)(6)), and an agreement to modify a deed of trust is governed by Civil Code section 1698[]. [Citations.]" (*Jones*, *supra*, 230 Cal.App.4th at p. 943.)

As explained in *Garcia*, neither Civil Code section 1698 nor the statute of frauds will defeat a claim for promissory estoppel: "A party is estopped to assert the statute of frauds as a defense 'where [the] party, by words or conduct, represents that he will stand by his oral agreement, and the other party, in reliance upon that representation, changes his position, to his detriment.' [Citation.] In addition, '[i]t is well settled that the rule against varying the terms of a written instrument by parol or seeking to alter a contract in writing other than by a contract in writing or an executed oral agreement, is subject to the exception that a party to a contract may by conduct or representations waive the performance of a condition thereof or be held estopped by such conduct or representations to deny that he has waived such performance.' [Citations.] Accordingly, to the extent [a] claim is premised on promissory estoppel, neither section 1698 nor the statute of frauds will defeat [it]." (*Garcia*, *supra*, 183 Cal.App.4th at p. 1040, fn. 10.)

C.    *The Quiet Title Cause of Action*

To state a cause of action for quiet title, the complaint must be verified and allege (1) a description of the subject property, (2) the basis for the plaintiff's title, (3) the defendant's adverse interest in the property, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title against the adverse claims. (Code. Civ. Proc., § 761.020.) Here, the FAC was verified and alleged facts satisfying each element of a quiet title claim: (1) the Property consisted of "a single-family,

14

owner-occupied/primary residence home located at 2447 Granville Ave., Los Angeles, CA 90064-1331 (Parcel #: 4259-039-037) . . . and legally described in [the attached] Deed of Trust," (2) appellants owned the Property prior to respondent's wrongful foreclosure, (3) respondent purchased the property at the foreclosure sale, and (4) and (5) appellants "are entitled to a judicial declaration quieting title in [their] favor as of the day before the Trustee's Sale . . . . " Although respondent argues that the FAC failed to allege appellants' "basis for title," the allegations supporting the wrongful foreclosure cause of action and valid tender allegation which are incorporated by reference into the quiet title cause of action, established a basis for title to the Property.

4.     *The Demurrer Was Properly Sustained as to the Declaratory Relief Cause of Action*

To qualify for declaratory relief, a plaintiff must show:  "(1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to the rights or obligations of a party."  (Code of Civ. Proc., § 1060; *Brownfield v. Daniel Freeman Marina Hospital* (1989) 208 Cal.App.3d 405, 410.)  "The object of the [declaratory relief] statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues."  (*General of America Ins. Co. v. Lilly* (1968) 258 Cal.App.2d 465, 470.)  Declaratory relief " 'operates prospectively, and not merely for the redress of past wrongs.  It serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventive justice, to declare rights rather than execute them.' [Citations.]" (*Babb v. Superior Court* (1971) 3 Cal.3d 841, 848.)

Here, the cause of action for declaratory relief was based on the same allegations and sought the same relief as the wrongful foreclosure claims:  "a declaration as to whether [respondent] ha[s] a duty to comply with [the statutory] framework [governing foreclosures] and rescind said sale."  In addition, the cause of action only sought redress of a past wrong:  It asked for a declaration setting aside the sale.  On these grounds, the FAC did not adequately set forth a cause of action for declaratory relief, and appellants

15

have failed to show they could amend their claim to cure its defects. Therefore, the demurrer was properly sustained as to the declaratory relief cause of action.

     5.     *The Demurrer Was Properly Sustained as to the Cause of Action for Injunctive Relief*

Injunctive relief is a remedy, not a cause of action. (See *City of South Pasadena v. Department of Transportation* (1994) 29 Cal.App.4th 1280, 1293 [" 'A permanent injunction is merely a remedy for a proven cause of action. It may not be issued if the underlying cause of action is not established.' "].) Accordingly, the order sustaining the demurrer without leave to amend as to the claim for "preliminary and permanent injunction" was proper. However, appellants may still obtain injunctive relief if they prevail on a cause of action. (See *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 65-66.)

On all these grounds, we affirm the order sustaining the demurrer without leave to amend as to the causes of action for a preliminary and permanent injunction and declaratory relief, and reverse as to the causes of action for wrongful foreclosure, fraudulent misrepresentation, promissory estoppel, negligent misrepresentation, judgment to set aside trustee's sale, judgment to cancel trustee's deed, and quiet title.

### *DISPOSITION*

The order sustaining the demurrer without leave to amend is affirmed as to the causes of action for a preliminary and permanent injunction and declaratory relief, and reversed as to the causes of action for wrongful foreclosure, fraudulent misrepresentation, promissory estoppel, negligent misrepresentation, judgment to set aside trustee's sale, judgment to cancel trustee's deed, and quiet title. In light of the mixed results here, the parties shall bear their own costs on appeal. (Cal. Rules of Court, Rule 8.278(a)(5).)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

WE CONCUR:



ALDRICH, J.



LAVIN, J.

17